Case 1:98-cr-00550-JEC Document 206 Filed 04/14/03 Page 1 of 3

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 1 4 2003

Robert M. March
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

                                   Civ. No. 02-1043 JC/RLP
                                   Cr. No. 98-0550 JC

MANUEL CHAVEZ,

    Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

1.    This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence and Conviction filed pursuant to 28 U.S.C. § 2255. Defendant is currently confined in the Federal Correctional Institute in Littleton, Colorado. He attacks the judgment and sentence of the United States District Court for the District of New Mexico entered on July 10, 2000 in *United States v. Chavez*, Cr. No., 98-0550 JC [Cr. Doc.189].

2.    Pursuant to a Plea Agreement, Defendant pled guilty

> to one count of attempted aggravated sexual abuse on an Indian Reservation in violation of 18 U.S.C. §§ 1153, 2241(a) and 2246(2)(A), and one count of solicitation to murder a federal witness in violation of 18 U.S.C. § 373. He was sentenced to a total term of 262 months followed by 5 years of supervised release.

*United States v. Chavez*, No. 00-2274 (10th Cir. 2001) (unpublished opinion) [Cr. Do. 200].

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

3.      Following entry of Judgment, Defendant filed a direct appeal with the Tenth Circuit Court of appeals and the appeal was dismissed on August 22, 2001 [Cr. Doc. 200]. This § 2255 Motion was timely filed on August 21, 2002.

4.      A review of the § 2255 Motion and Mr. Chavez's Memorandum Brief [Doc. 2], indicate that he is claiming (1) ineffective assistance of counsel rendered his plea involuntary because he pled guilty before the district court considered the Presentence Report; (2) his attorney failed to raise the issue of violation of the attorney-client privilege; (3) counsel failed to raise the entrapment defense; and (4) the district court abused its discretion by not allowing a reduction for acceptance of responsibility. All of these claims are without merit.

5.      The Tenth Circuit has already determined that Mr. Chavez's plea was knowing and voluntary. See *United States v. Chavez*, 17 Fed.Appx. 847, 849 (10th Cir. 2001), attached as Exhibit to Government's Response [Doc. 5]. The issues raised by Mr. Chavez are precluded by his waiver of rights in the Plea Agreement. "A defendant's knowing and voluntary waiver of his right to appeal is enforceable." *United States v. Black*, 201 F.3d 1296, 1300 (10th Cir. 2000). This also applies to a waiver of the right to seek collateral relief under most circumstances. *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002). Although an exception may be made when § 2255 relief is sought under the guise of ineffective assistance of counsel, the issues raised by Mr. Chavez do not merit that exception. See *id.* at 1186-87.

6.      As noted by the *Cockerham* court, "the right to collateral attack pursuant to § 2255 survives a waiver only with respect to those discrete claims which relate directly to

the negotiation of the waiver or the plea agreement." *Id.* at 1186 (internal quotation marks, citation and brackets omitted). Stated another way, "it is consistent with Supreme Court precedent to enforce a waiver of § 2255 rights expressly contained in a plea agreement when the collateral attack does not challenge counsel's representation in negotiating or entering the plea or the wavier." *Id.* at 1187.

7. None of Mr. Chavez's claims go to these two issues. His conclusory allegations do not override the Tenth Circuit's finding that his plea was knowing and voluntary. *See* ¶ 5, *supra*. Accordingly, his motion should be denied and this case dismissed.

## RECOMMENDED DISPOSITION

I recommend that Mr. Chavez's Motion to Vacate, Set Aside or Correct Sentence and Conviction filed pursuant to 28 U.S.C. § 2255 be denied and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge

3